**FILED**
**Nov 29, 2021**
**09:29 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MURFREESBORO

| | | |
|---|---|---|
| **REAZKALLAH ABDELSHAHAED,** | ) | **Docket No. 2021-05-0273** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **TAYLOR FRESH FOODS, INC.,** | ) | **State File No. 800173-2021** |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **AMERICAN ZURICH INS. CO.,** | ) | **Judge Dale Tipps** |
| **Insurance Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER
## DENYING BENEFITS
### *(DECISION ON THE RECORD)*

---

The Court considered this case on November 22, 2021, for an Expedited Hearing on the record without an in-person hearing. The issue is whether Mr. Abdelshahaed is likely to prove at a hearing on the merits that he suffered a compensable injury and is entitled to medical and temporary disability benefits. Because he has not shown that he was injured at work, the Court holds that he did not meet this burden and denies the requested benefits.

## History of Claim

While working at Taylor, Mr. Abdelshahaed claims he twisted and sprained his knee on October 16, 2020, when his supervisor pushed him and caused him to fall.

Mr. Abdelshahaed submitted Work Status Reports, the earliest dated August 6, 2020, signed by Dr. William Mayfield.[1] The first two reports give a diagnosis of right knee strain. The 2021 reports simply say "bilateral knee."

---

[1] He also submitted a translated statement he gave to Taylor on November 4, 2020. However, this statement references a finger injury, not the knee injury at issue in this claim.

Taylor submitted written statements from Mr. Abdelshahaed's co-workers and supervisors, as well as a police report. The statements consistently recount a dispute between Mr. Abdelshahaed and his supervisor, but none of them mentions any physical contact or a fall. Instead, they show that after Mr. Abdelshahaed was told to go home, he went outside and called the police.

The investigating officer's report states that he spoke to Mr. Abdelshahaed and his son.[2] He also spoke to two witnesses who observed the incident. They reported that the supervisor never touched or pushed Mr. Abdelshahaed.

Mr. Abdelshahaed filed an Expedited Hearing request seeking a hearing on the record under Rule 0800-02-21-.15(1)(e). Taylor opposed that request but filed no argument supporting its position. The Court determined that a review of the written materials without an evidentiary hearing was appropriate.

### Findings of Fact and Conclusions of Law

Mr. Abdelshahaed must provide sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2021); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

To prove a compensable injury, Mr. Abdelshahaed must show that his alleged injuries arose primarily out of and in the course and scope of his employment. This includes the requirement that he must establish a work-related incident, or specific set of incidents, identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14)(A).

Regarding the requirement to identify a work-related incident, the only evidence supporting Mr. Abdelshahaed's version of events is his Rule 72 declaration. His claim that his supervisor pushed him is contradicted by several written statements, as well as the police report. Further, the medical records do not support his contention that he suffered a discrete, identifiable injury on October 16, 2020, as one of Dr. Mayfield's reports of knee strain is dated August 6, over two months before the alleged incident. Under these circumstances, the Court cannot find at this time that Mr. Abdelshahaed is likely prove the existence of the "work-related incident" required by section 50-6-102(14)(A).

---

[2] Mr. Abdelshahaed speaks little English, so his son was interpreting for him.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Abdelshahaed's claims against Taylor Fresh Foods, Inc. for medical and temporary disability benefits are denied at this time.

2. This case is set for a Scheduling Hearing on January 26, 2022, at 9:30 a.m. You must call toll-free at 855-874-0473 to participate. Failure to call might result in a determination of the issues without your further participation. All conferences are set using Central Time.

**ENTERED November 29, 2021.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Mr. Abdelshahaed's September 29, 2021 Rule 72 Declaration Under Penalty of Perjury
2. Wage Statement filed on June 25, 2021, by Taylor Fresh
3. Separation Notice dated November 9, 2020
4. Hughston Clinic Work Status Reports dated August 6 and November 19, 2020, and June 6 and October 5, 2021
5. Mr. Abdelshahaed's November 4, 2020 written statement, translated by Neama Eriby
6. Written statement of Carmen Colon
7. Written statement of Ahmed Hussein
8. Written statement of Amo Lloyd
9. Written statement of Bernardo Martinez
10. October 16, 2020 Investigation Report of Officer M. W. Richert

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Docketing Notice
5. Taylor Fresh Foods's Position Statement

# CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on November 29, 2021.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Reazkallah Abdelshahaed, Employee | X | X | 456 Cedar Park Circle Lavergne, TN 37086 reazkallahabdelshahaed@yahoo.com |
| Peter Rosen, Employer's Attorney | | X | Prosen@vkbarlaw.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*